KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6816
Facsimile: (415) 436-6748
email:    stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE WALTHER MODEL P99, 9mm, PISTOL, SERIAL No. 1070349,<br><br>    Defendant. | No. C 07 0273<br><br>**COMPLAINT FOR FORFEITURE** |

In this <u>in rem</u> forfeiture action, the United States alleges:

**JURISDICTION**

1.    Plaintiff brings this action *in rem* to forfeit and condemn the defendant Walther Model P99 9mm pistol, serial number 1070349, pursuant to Title 18, United States Code, Section 924(d)(1). This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355.

COMPLAINT FOR FORFEITURE                                                                                                                                                             *1*

## PARTIES

2. Plaintiff is the United States of America.

3. Defendant is one Walther Model P99 9mm pistol, serial number 1070349 (hereafter, the "defendant firearm"), seized from the residence of Kara Gasca and Vinicio Gasca (aka Vinicio Fabian-Salazar) as a firearm involved in violations of Title 18, United States Code, Sections 922(g)(1) and (g)(5) and thus subject to forfeiture under Title 18, United States Code, Section 924(d)(1).

## VENUE

4. Venue lies in the Northern District of California pursuant to Title 28, United States Code §§ 1355(b) and 1395(a) and (b), as the acts giving rise to this in rem action occurred in this district and the defendant firearm was seized and is located in this district.

## INTRADISTRICT ASSIGNMENT

5. This matter arises in the county of Santa Clara because a substantial part of the events which give rise to plaintiff's claims occurred in that county. Additionally, the allegations set forth below are based, in large part, on the investigation related to criminal action captioned United States v. Vinicio Gasca, CR 06-0576 JF, previously pending in San Jose. Accordingly, pursuant to Civil Local Rule 3-12 and Criminal Local Rule 8-1, this matter should be assigned to the Honorable Jeremy Fogel, United States District Judge, in San Jose.

## FACTS

6. Plaintiff incorporates by reference the allegations of paragraphs one through five as though fully set forth herein.

7. Vinicio Gasca (aka Vinicio Fabian-Salazar) (hereinafter "GASCA") is a native and citizen of Mexico.

8. On or about March 19, 1993, GASCA was convicted in the Superior Court of the State of California, San Diego County, of robbery – an felony in violation of Section 211 of the California Penal Code. For this offense, GASCA was sentenced to 365 days of confinement. This offense constitutes an "aggravated felony" as defined in Title 8, United States Code, Section

1101(a)(43)(G).

9.  On or about September 27, 1993, GASCA was arrested and deported from the United States at Otay Mesa, California, pursuant to an order of deportation entered after his conviction as described in paragraph 8 above.

10. On or about September 7, 2006, law enforcement agents served an arrest warrant for GASCA at his residence located at 16964 Kennedy Road, Los Gatos, California. GASCA was found at the residence, along with his wife Kara Gasca. GASCA was illegally in the United States as he did not obtain permission from the Attorney General of the United States to re-enter the United States following his deportation in 1993.

11. While at the residence, the agents learned that the Gascas maintained a gun safe in their bedroom where the defendant pistol and a shotgun were stored. The keys for the safe were observed on the top of a cabinet in the bedroom in plain view. Agents subsequently sought and obtained a federal search warrant for the safe. In the safe, agents located the defendant firearm, nine rounds of R-P, 9mm ammunition and a gun cleaning kit. The shotgun was not located at the residence.

12. On September 8, 2006, Kara Gasca contacted law enforcement agents and advised them of the location of the missing shotgun. At approximately 4:55 p.m., Kara Gasca met with agents in San Jose and led them to a storage unit in a fourplex located at 792 Warring Drive, San Jose. Kara Gasca provided the agents with the key to the storage unit wherein they discovered a Winchester Model 1300 Defender shotgun bearing serial number L3473869, 155 rounds of 12 gauge shotgun ammunition and 157 rounds of 9mm ammunition, all in a green tote bag. According to Kara Gasca, she retrieved the keys for the storage unit at her house where her husband (GASCA) stored it. The shotgun (and all seized ammunition) were subsequently administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

13. Although the defendant firearm is registered to Kara Gasca, Vinicio GASCA had access and constructive possession of the defendant firearm. In addition, on the date of the execution of the search warrant at the residence, agents located a set of keys which Kara Gasca

1 identified as belonging to her husband. This key ring contained a key ring that opened the gun
2 safe that contained the defendant firearm.

3   14.   The defendant firearm was manufactured in Germany. The shotgun was
4 manufactured in Connecticut.

5   15.   On September 22, 2006, the United States Attorney for the Northern District of
6 California filed a superseding information charging GASCA with felon in possession of a firearm
7 and ammunition, in violation of Title 18, United States Code, Section 922(g)(1); illegal re-entry
8 following deportation, in violation of Title 8, United States Code, Section 1326; and passport
9 fraud, in violation of Title 18, United States Section 1542. GASCA subsequently pled guilty to
10 each of these offenses and admitted that he was an illegal alien, illegally possessed a firearm and
11 was a prior convicted felon. GASCA is currently serving his 18 months imprisonment sentence.

**FIRST CLAIM FOR RELIEF**
**18 U.S.C. § 924(d)(1)**
**(forfeiture of firearm possessed by felon)**

16.   Plaintiff incorporates by reference the allegations of paragraphs one through 15 as though fully set forth.

17.   Title 18, United States Code, Section 924(d)(1) provides for the forfeiture of any firearm that was involved in or used in a knowing violation of Title 18, United States Code, Section 922(g).

18.   Title 18, United States Code, Section 922(g)(1) makes it unlawful for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce, any firearm or ammunition.

19.   In light of the foregoing and considering the totality of the circumstances, the defendant firearm is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1), as property illegally possessed by a felon.

COMPLAINT FOR FORFEITURE                                                              4

## SECOND CLAIM FOR RELIEF

## 18 U.S.C. § 924(d)(1)

### (forfeiture of firearm possessed by illegal alien)

20. Plaintiff incorporates by reference the allegations of paragraphs one through 19 as though fully set forth.

21. Title 18, United States Code, Section 924(d)(1) provides for the forfeiture of any firearm that was involved in or used in a knowing violation of Title 18, United States Code, Section 922(g).

22. Title 18, United States Code, Section 922(g)(5)(A) makes it unlawful for a person who, being an alien, is illegally or unlawfully in the United States, to possess in or affecting commerce, any firearm or ammunition.

23. In light of the foregoing and considering the totality of the circumstances, the defendant firearm is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1), as property illegally possessed by a felon.

## **PRAYER FOR RELIEF**

24. Plaintiff prays that due process issue to enforce the forfeiture of the defendant firearm, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed, that judgment of forfeiture be entered against the defendant firearm, and that plaintiff be awarded such other relief as may be proper and just.

Dated: January 16, 2007                     Respectfully submitted,

KEVIN V. RYAN
United States Attorney

STEPHANIE HINDS
Assistant United States Attorney

COMPLAINT FOR FORFEITURE                                                                                     5

## VERIFICATION

I, DENNIS LARKO, states as follows:

1. I am a Special Agent for the United States Bureau of Immigration and Customs Enforcement. I am familiar with the facts in the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint for Forfeiture and based upon review of relevant investigative reports, review of documentary evidence, discussions with other persons involved in the investigation and participation in the investigation, I believe that the allegations contained therein are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this ____ day of January 2007, in San Jose, California.

_____
DENNIS LARKO

COMPLAINT FOR FORFEITURE                                                            7